JOHN D. MUNDING
MUNDING, P.S.
1610 W. Riverside Avenue
Spokane, WA 99201
(509) 624-6464
John@mundinglaw.com

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**ALEXANDER ORTOLANO,**<br><br>Debtor. | Case No. 16-000843-FLK7<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM'S OF EXEMPTIONS (ECF No. 100) AND NOTICE THEREOF** |

TO:     The Debtor, Alexander Ortolano.
AND TO:     The Debtor's Counsel, William L. Hames.
AND TO:     US Trustee and all Interested Parties.

PLEASE TAKE NOTICE that the Chapter 7 Trustee hereby objects to the Debtor Alexander Ortolano's ("Debtor") Amended Claims of Exemption (ECF No. 100) in certain property as set forth below.

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 1

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 1 of 14

## I. OBJECTION

John D. Munding, the duly appointed, qualified and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Alexander Ortolano, hereby objects to the debtor Alexander Ortolano's ("Debtor") Amended Claims of Exemption filed on August 23, 2018. (ECF No.s 98, 99, and 100). Specifically, the Trustee objects to the Debtor's claims of exemption in the real and personal property identified as follows:

| Property | Claimed Exemption | Amount |
|---|---|---|
| Single-family home | RCW 6.13.010, 6.13.020, 6.13.030 | $125,000 |
| Community First Bank, Acct. ending 6992 – Closed | RCW 6.15.010(1)(c)(ii) | $0.00 |
| Community First Bank, Acct. ending 1469 – Closed | RCW 6.15.010(1)(c)(ii) | $0.00 |
| Community First Bank, Acct. ending 8429 – Closed | RCW 6.15.010(1)(c)(ii) | $0.00 |
| Alexander Capital – Closed | RCW 6.15.010(1)(c)(ii) | $0.00 |
| Chase 7053 W post-separation | RCW 6.15.010(1)(c)(ii) | $132.00 |
| Wells Fargo Acct. ending 5350 | RCW 6.15.010(1)(c)(ii) | $124.98 |
| Wells Fargo Acct. ending 7772 | RCW 6.15.010(1)(c)(ii) | $105.52 |
| Gesa Community Credit Union Acct. ending 1000 | RCW 6.15.010(1)(c)(ii) | $0.00 |
| Key Bank Acct. ending 1328 wife | RCW 6.15.010(1)(c)(ii) | $181.00 |

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 2

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 2 of 14

| Property | Claimed Exemption | Amount |
|---|---|---|
| • Key Bank Acct. ending 1020 wife | RCW 6.15.010(1)(c)(ii) | $491.00 |
| • RossGoldberg Canadian shares | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • Arbor Health Care for Women (100%) | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • Ideal Protein (100%) | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • Roky Operating LLC | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • Vanguard Voyager 9187 | RCW 6.15.020(3) | $1,397.00 |
| • Simple IRA in name of Alex 3989 | RCW 6.15.020(3) | $24,762.69 |
| • Wells Fargo IRA 0684 | RCW 6.15.020(3) | $13,368.00 |
| • Wells Fargo IRA 1431 | RCW 6.15.020(3) | $9,043.50 |
| • Wells Fargo IRA 1706 | RCW 6.15.020(3) | $23,317.00 |
| • Wells Fargo IRA 3813 | RCW 6.15.020(3) | $8,574.00 |
| • Wells Fargo IRA 9538 | RCW 6.15.020(3) | $2,373.00 |
| • Anticipated tax return | | $0.00 |
| • USAA Whole Life Policy 1626 | RCW 48.18.410 | $78,086.00 |
| • USAA Whole Life Policy 3173 | RCW 48.18.410 | $5,181.00 |
| • USAA Term Life Policy 7339 | RCW 48.18.410 | $0.00 |
| • Funds moved out of country CFB 8429 | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • Funds moved out of country CFB 1469 | RCW 6.15.010(1)(c)(ii) | $0.00 |

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 3

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 3 of 14

| Property | Claimed Exemption | Amount |
|---|---|---|
| • Funds moved out of country CFB 6692 | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • Roky Caldera Gold Investors LLC 2016 .434783% | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • KKR Financial Holdings LLC | RCW 6.15.010(1)(c)(ii) | $0.00 |
| • HL Sinclair LLC/Chase 2160 & 1320 | RCW 6.15.020(3) | $1,773.50 |
| • Mutton L & T LLC, dissolved, no value | RCW 6.15.010(1)(c)(ii) | $0.00 |

## II. BASIS

A. <u>Factual and Procedural Background</u>

1. The Debtor altered his voluntary petition in this Chapter 7 bankruptcy proceeding on March 17, 2016. (ECF No. 1). The Debtor is a physician and believed to be practicing medicine in the state of Florida.

2. The Debtor's original Schedules A, B, and C were filed on March 18, 2016. (ECF No. 7).

3. Attached Schedules A, B, and C regarding the Debtor stated under penalty of perjury that:

    a. He did not own an interest in real property and lived in an apartment on the date his bankruptcy petition was filed.

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 4

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 4 of 14

b. He owned limited personal property as described in Schedule B (ECF No. 7) and as also described in Appendix "A" attached hereto.

4. The Debtor originally claimed exemptions in personal property utilizing the federal exemptions. *See* 11 U.S.C. § 522(b) and § 522(d); *see also* Schedule C. (ECF No. 7).

5. The Debtor attended and was examined at his 341 creditors meeting, conducted on May 6, 2016. (ECF No. 15).

6. On August 23, 2018, 2 years and 5 months later, the Debtor amended his Schedules A, B, and C to identify previously undisclosed assets and claim exemptions in such property utilizing exemptions under Washington State law. *See* Amended Claims of Exemption. (ECF No. 98, 99, and 100); *see also* Appendix "A" hereto.

7. The Trustee hereby objects to the Debtor's Amended Claims of Exemption, requests an opportunity to conduct further discovery, and requests that the Counsel set this contested matter for evidentiary hearing.

B. <u>Legal Analysis</u>

The Bankruptcy Code authorizes a debtor to exempt certain assets. 11 U.S.C. § 522(b). Washington residents filing for bankruptcy must choose either the from two set of exemption options under Washington state law or under federal law. *See* 11 U.S.C. § 522(b)(1).

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 5

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 5 of 14

Bankruptcy Rule 1009 provides that a "schedule...may be amended by the debtor as a matter of course *at any time* before the case is closed," Fed. R. Bankr. P. 1009(a) (emphasis added), and the Ninth Circuit has applied this right to the claim of exemptions. *See Martinson v. Michael (In re Michael)*, 163 F.3d 526, 529 (9th Cir. 1998); *see also Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 630 (9th Cir. BAP 2010).

Although exemptions and their amendments are liberally construed, a judicially created limit on this latitude and flexibility arose. Bankruptcy courts throughout the country, including courts in the Ninth Circuit, denied leave to amend or disallowed a claimed exemption if the trustee or other party in interest timely objected and showed that either: (1) the debtor acted in bad faith; or (2) creditors were prejudiced. *See Michael*, 163 F.3d at 529 (adopting the test set forth in *Doan v. Hudgins (In re Doan)*, 672 F.2d 831 (11th Cir. 1982)).

1. The Debtor's Claims of Exemption Should be Disallowed Under Washington Law.

*Law v. Siegel* makes clear that section 105(a) is not the only basis for denial of an exemption. Where, as here, a debtor claims a state-created exemption, the scope of the exemption – and any basis for denial of the exemption – must be found in state law. "It is of course true that when a debtor claims a *state-created* exemption, the

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 6

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 6 of 14

exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption." *Law,* 134 S. Ct. at 1196-97.

The Ninth Circuit Bankruptcy Appellate Panel has also held that after *Law v. Siegel,* bankruptcy courts must look to state law and not section 105(a) in determining whether there is a basis to disallow an exemption. *Elliott,* 523 B.R. at 192, *Gray v. Warfield (In re Gray)*, 523 B.R. 170, 175 (9th Cir. BAP 2014).

The *Gray* case is particularly instructive here. The debtors did not list as an asset or claim as exempt several months of rent prepaid to their landlord. *Gray,* 523 B.R. at 171. It was not until after the trustee questioned the debtors at the 341(a) meeting that the debtors amended their schedules to add the prepaid rent as an asset and claim an exemption therein. *Id.*. The trustee filed an objection to the debtors' amended exemption based on the debtors' failure to previously disclose the asset and claim an exemption. *Id.* at 172. Based on *Law v. Siegel*, the panel reversed the bankruptcy court's decision sustaining the trustee's objection based on the debtors' bad faith. *Id.* at 175. In remanding the case, the panel specifically instructed the bankruptcy court to look at state law "to determine whether under Arizona law equitable considerations may be used to disallow exemptions." *Id.*

"The doctrine of equitable estoppel, often referred to as fraudulent concealment, is based on the principle that a party should not be allowed to benefit from its own

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 7

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 7 of 14

wrongdoing." *Estate of Amaro v. City of Oakland*, 653 F.3d 808, 813 (9th Cir. 2011) (internal quotation marks omitted). "The doctrine focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." *Id.* (internal quotation marks omitted). Under federal law, the plaintiff must demonstrate the following elements of equitable estoppel: "(1) knowledge of the true facts by the party to be estopped, (2) intent to induce reliance or actions giving rise to a belief in that intent, (3) ignorance of the true facts by the relying party, and (4) detrimental reliance." *Id.* (quoting *Bolt v. United States*, 944 F.2d 603, 609 (9th Cir. 1991)).

> In Washington State, the elements of equitable estoppel are:
> (1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.

*Harbor Air Serv., Inc. v. Board of Tax Appeals*, 88 Wn.2d 359, 366-67, 560 P.2d 1145 (1977). Estoppel can arise through silence, as well as statements, when one has a duty to speak out. *Kessinger v. Anderson*, 31 Wn.2d 157, 169, 196 P.2d 289 (1948) (quoting 21 C.J. Estoppel § 116, at 1113 (1920)). However, no matter how

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 8

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 8 of 14

communicated, the assertion on which estoppel is based must induce reliance by the other party. *In re Estate of Boston*, 80 Wn.2d 70, 76, 491 P.2d 1033 (1971).

Here, all of the elements of the equitable estoppel are present in this case. Based on Washington State equitable estoppel, the Debtor's Amended Claims of Exemption in real and personal property should be disallowed.

2. Debtor is Not Entitled to Claim a Homestead Exemption in 250 Meadow Ridge Loop.

The Debtor is not entitled to claim a homestead exemption under Washington Revised Code §§ 6.13.010, 6.13.020, or 6.13.030 for the real property located at 250 Meadow Ridge Loop, Richland, WA 99352. A Washington homestead consists of real or personal property that must be actually intended or used as the principal home of the owner. Wash. Rev. Code § 6.13.010(1) (2004). At the time the bankruptcy petition was filed, the Debtor did not use or intend to use the real property located 250 Meadow Ridge Loop, Richland, Washington, as the principal home of the owner, or occupy the residence as owner.

3. Debtor's Concealment of Whole Life Policies and Bank Accounts Warrants Denial of Claims of Exemption.

The USAA Whole Life Policies are not exempt under Washington Revised Code § 48.18.410 to the extent the policies are payable to the Debtor and to the extent

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 9

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 9 of 14

said policies were purchased, handled and/or concealed with the intent to defraud creditors. Furthermore, the "Funds moved out of country CFB" are not adequately described in Debtor's Amended Schedules. Therefore, the Debtor is not entitled to the claimed exemptions.

4. Federal Income Tax Refund is not Exempt Under Washington Law.

The Debtor originally claimed a Federal income tax refund of $12,725, exempt pursuant to 11 U.S.C. § 522(d)(5), upon which the Trustee relied. The Debtor has now amended his schedules to define the tax return as $0.00, and not claiming any portion as exempt. The Debtor must account for and turn over the anticipated tax refund in the amount of $12,725 as it is no longer exempt.

## III. RELIEF REQUESTED

Wherefore, the Chapter 7 Trustee requests that the Court sustain the objections to the Debtor's Amended Claim of Exemptions and grant further relief as the Court deems appropriate, just, and equitable.

DATED this 21st day of September, 2018.

                MUNDING, P.S.

                */s/ John D. Munding*
                John D. Munding, WSBA No. 21734
                Chapter 7 Trustee for Bankruptcy Estate

OBJECTION TO DEBTOR'S AMENDED
CLAIM OF EXEMPTIONS AND NOTICE THEREOF – 10

MUNDING, P.S.
1610 W. RIVERSIDE AVENUE
SPOKANE, WA 99201
(509) 624-6464

16-00843-FLK7    Doc 102    Filed 09/21/18    Entered 09/21/18 09:51:52    Pg 10 of 14

# APPENDIX "A"

| Item | Original 3/17/18 – Sch A/B Description | Original 3/17/18 – Sch C Amount | Amended 8/23/18 – Sch A/B Description | Amended 8/23/18 – Sch C Amount | Law Referenced |
|---|---|---|---|---|---|
| | Ortolano, Alexander, Case No. 16-00843 – Schedule of Amended Exemptions | | | | |
| 1 | None | None | Single-family home | $125,000.00 | RCW 6.13.010, 6.13.020, 6.13.030 |
| 3 | Yes – Nissan Leaf | $1,715.00 | Yes – Nissan Leaf | $1,715.00 | RCW 6.15.010(1)(c)(iii) |
| 4 | None | None | None | None | |
| 6 | None | None | None | None | |
| 7 | Yes – Cell Phone | $200.00 | Yes – Cell Phone | $200.00 | RCW 6.15.010(1)(c)(i) |
| 8 | None | None | None | None | |
| 9 | None | None | None | None | |
| 10 | None | None | None | None | |
| 11 | Yes – Clothes | $100.00 | Yes – Clothes | $100.00 | RCW 6.15.010(1)(a) |
| 12 | None | None | None | None | |
| 13 | None | None | None | None | |
| 14 | None | None | None | None | |
| 17.1 | None | None | Community First Bank, Acct. ending 6992 – Closed (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 17.2 | None | None | Community First Bank, Acct. ending 1469 – Closed (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 17.3 | None | None | Community First Bank, Acct. ending 8429 – Closed (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 17.4 | None | None | Alexander Capital – Closed (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 17.5 | None | None | Chase 7053 W post-separation (1/2 interest) | $132.00 | RCW 6.15.010(1)(c)(ii) |
| 17.6 | None | None | Wells Fargo Acct. ending 5350 (1/2 interest) | $124.98 | RCW 6.15.010(1)(c)(ii) |
| 17.7 | None | None | Wells Fargo Acct. ending 7772 (1/2 interest) | $105.52 | RCW 6.15.010(1)(c)(ii) |
| 17.8 | None | None | Gesa Community Credit Union Acct. ending 1000 (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 17.9 | None | None | Key Bank Acct. ending 1328 wife (1/2 interest) | $181.00 | RCW 6.15.010(1)(c)(ii) |
| 17.10 | None | None | Key Bank Acct. ending 1020 wife (1/2 interest) | $491.00 | RCW 6.15.010(1)(c)(ii) |
| 18 | None | None | RossGoldberg Canadian shares (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 19.1 | Interest in Arbor Healthcare for Woman LLC | $0.00 | Interest in Arbor Healthcare for Woman LLC | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 19.2 | None | None | Arbor Health Care for Women (100%) (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 19.3 | None | None | Ideal Protein (100%) (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 19.4 | None | None | Roky Operating LLC (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 20 | None | None | None | None | |
| 21.1 | 401k | $60,000.00 | 401k | $60,000.00 | RCW 6.15.020(3) |

| | | | | | |
|---|---|---|---|---|---|
| 21.2 | None | None | Vanguard Voyager 9187 (1/2 interest) | $1,397.00 | RCW 6.15.020(3) |
| 21.3 | None | None | Simple IRA in name of Alex 3989 (1/2 interest) | $24,762.69 | RCW 6.15.020(3) |
| 21.4 | None | None | Wells Fargo IRA 0684 (1/2 interest) | $13,368.00 | RCW 6.15.020(3) |
| 21.5 | None | None | Wells Fargo IRA 1431 (1/2 interest) | $9,043.50 | RCW 6.15.020(3) |
| 21.6 | None | None | Wells Fargo IRA 1706 (1/2 interest) | $23,317.00 | RCW 6.15.020(3) |
| 21.7 | None | None | Wells Fargo IRA 3813 (1/2 interest) | $8,574.00 | RCW 6.15.020(3) |
| 21.8 | None | None | Wells Fargo IRA 9538 (1/2 interest) | $2,373.00 | RCW 6.15.020(3) |
| 22 | None | None | None | None | |
| 23 | None | None | None | None | |
| 24 | None | None | None | None | |
| 25 | None | None | None | None | |
| 26 | None | None | None | None | |
| 27 | None | None | None | None | |
| 28 | Anticipated tax return | $12,725.00 | Anticipated tax return | $0.00 | |
| 29 | None | None | None | None | |
| 30 | None | None | None | None | |
| 31.1 | None | None | USAA Whole Life Policy 1626 (1/2 interest) | $78,086.00 | RCW 48.18.410 |
| 31.2 | None | None | USAA Whole Life Policy 3173 (1/2 interest) | $5,181.00 | RCW 48.18.410 |
| 31.3 | None | None | USAA Term Life Policy 7339 (1/2 interest) | $0.00 | RCW 48.18.410 |
| 32 | None | None | None | None | |
| 33 | None | None | None | None | |
| 34 | None | None | None | None | |
| 35.1 | None | None | Funds moved out of country CFB 8429 (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 35.2 | None | None | Funds moved out of country CFB 1469 (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 35.3 | None | None | Funds moved out of country CFB 6692 (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 35.4 | None | None | Roky Caldera Gold Investors LLC 2016 .434783% (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 35.5 | None | None | KKR Financial Holdings LLC (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |
| 35.6 | None | None | HL Sinclair LLC/Chase 2160 & 1320 (1/2 interest) | $1,773.50 | RCW 6.15.020(3) |
| 35.7 | None | None | Mutton L & T LLC, dissolved, no value (1/2 interest) | $0.00 | RCW 6.15.010(1)(c)(ii) |

**Item Key:**

| Item # | Description |
|---|---|
| 1 | Residence, Building, Land, or Other Real Estate You Own or Have an Interest In |
| 3 | Cars, vans, trucks, tractors, sport utility vehicles, motorcycles |
| 4 | Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories |
| 6 | Household goods and furnishings |
| 7 | Electronics |
| 8 | Collectibles of value |
| 9 | Equipment for sports and hobbies |
| 10 | Firearms |
| 11 | Clothes |
| 12 | Jewelry |
| 13 | Non-farm animals |
| 14 | Any other personal and household items you did not already list, including any health aids you did not list |
| 16 | Cash |
| 17 | Deposits of money |
| 18 | Bonds, mutual funds, or publicly traded stocks |
| 19 | Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture |
| 20 | Government and corporate bonds and other negotiable and non-negotiable instruments |
| 21 | Retirement or pension accounts |
| 22 | Security deposits and prepayments |
| 23 | Annuities |
| 24 | Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program |
| 25 | Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit |
| 26 | Patents, copyrights, trademarks, trade secrets, and other intellectual property |
| 27 | Licenses, franchises, and other general intangibles |
| 28 | Tax refunds owed to you |
| 29 | Family support |
| 30 | Other amounts someone owes you |
| 31 | Interests in insurance policies |
| 32 | Any interest in property that is due you from someone who has died |
| 33 | Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment |
| 34 | Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims |
| 35 | Any financial assets you did not already list |